[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONPLAINTIFF'S MOTION TO OPEN, CLARIFY AND ARTICULATE
The plaintiff has moved that the court open its judgment dated February 5, 1997, to clarify and articulate certain areas. This motion is granted in the following respects.
1. The personal property of the parties shall be apportioned sixty-five (65%) percent to the plaintiff and thirty-five CT Page 1822 percent (35%) to the defendant since Rebecca is living with the plaintiff. Should the parties not be able to agree on how to make this determination, it shall be referred to Family Relations, and the court will retain jurisdiction to enforce its recommendation.
2. The listing price for the property shall be determined by the broker chosen as set forth in the court's opinion, and the sales price shall also be determined by the same broker and he shall have the sole right to decide the price at which the property will be sold. It is not the court's intention to permit the plaintiff to have that power. However, if both the plaintiff and the defendant agree in writing to overrule the broker's decision, they may do so and together decide on the price for which the property is to be sold. If it is not sold at that price within sixty (60) days, then the broker's price shall prevail.
3. In the interim, the plaintiff shall have exclusive possession of the house, and the defendant may enter only with the plaintiff's permission except for purposes of examining it to determine its condition and for not more than once a month after notice to the plaintiff.
4. The request for counsel fees by the plaintiff is denied. Plaintiff appears to have ample resources from which to pay her own counsel fees, and in view of the court's finding that this is a no fault divorce, there is no real basis for the court requiring the defendant to pay the counsel fees for the action in chief. However, if the defendant does not obey the court's order to vacate, he may be in contempt and for that purpose counsel fees would certainly be appropriate.
7. The requirement that the defendant obtain term life insurance is amended to require that he make application within three weeks of the date of the judgment as now amended.
8. The defendant shall keep the plaintiff informed on at least a monthly basis of his address and telephone number and he shall provide the plaintiff with proof of his having obtained the life insurance referred to above.
9. The term of dental expenses shall include orthodontic treatment and the term psychiatric expenses shall include psychological treatment as used in the court's opinion. CT Page 1823
9. So long as the defendant remains in the home, he shall be responsible for one-half of the mortgage or of whatever portion of the mortgage amounts to the amount of time he remains in the home in February or any other month.
10. The judgment is therefore opened and modified and amended in the above respects but otherwise remains as originally ordered.
MARGARET C. DRISCOLL JUDGE TRIAL REFEREE